# EXHIBIT 1

RECEIVED
VILLAGE OF PINECREST

Filing # 70047673 E-Filed 03/30/2018 01:43:06 PM
VILLAGE OF PINECREST

APR 1 1 2018

APR 1 1 2018

OFFICE OF THE
VILLAGE MANAGER

Reception
Administration Office

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

MARIA ALBERRO MENENDEZ,

    Plaintiff,

vs.

VILLAGE OF PINECREST,

    Defendant.

_____/

Case No. 2017-029598-CA-01

4-11   205P

C9   245

## SUMMONS IN A CIVIL CASE

**TO:** VILLAGE OF PINECREST MIAMI, through its president, mayor, chair, or other head thereof:

    MAYOR JOSEPH M. CORRADINO.
    12645 PINCREST PARKWAY
    PINECREST, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts         4/5/2018

CLERK                  DATE

Gonelle Brown 164659

(BY) DEPUTY CLERK

Filing # 65780160 E-Filed 12/23/2017 08:14:46 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CASE NO._____

MARIA ALBERRO MENENDEZ,

     Plaintiff,

v.

VILLAGE OF PINECREST

     Defendant,

_____/

## COMPLAINT

    COMES NOW, Plaintiff, MARIA ALBERRO MENENDEZ, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, VILLAGE OF PINECREST (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages due Defendant's violations of the Florida Public Sector Whistleblower Act Fla. Stat. Sec

2. Plaintiff alleges a cause of action for retaliation under Florida Statutes §112.3187, Florida Statutes as a result of her dismissal for objecting to violations of law, rule and regulation committed, ratified and/or condoned by Defendant.

3. At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

4. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County.

5.   On June 2, 2017, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations, and which articulated Plaintiff's whistleblower complaint of certain Village employees, including the Village Clerk's, theft of wages, time, and abuse of illegal spending of public funds.

6.   On June 4, 2017, Plaintiff filed a memo requesting preservation of Defendant's network traffic and data for routers, switches, etc. due to unauthorized access to Plaintiff's personal information.

7.   On June 4, 2017, Plaintiff filed a "Whistle-Blower" complaint to the Defendant outlining illegal activity/ fraud.

8.   On June 5, 2017, Defendant placed Plaintiff on administrative leave after meeting with the Village Attorney and the Village Manager.  Plaintiff again requested a hearing regarding her separation of employment.

9.   On or about June 5, 2017, Plaintiff filed an Amended Charge of Discrimination.

10.   Plaintiff received a termination letter, dated June 27, 2017.  Plaintiff was not afforded a hearing in compliance with the Village Ordinances and/or the Florida Commission on Human Relations procedures for investigation of public whistleblower complaints.

11.   The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

12.   This Complaint is hereby filed within 180 days of Defendant's Letter of Termination,, dated June 27, 2017, which caused plaintiff to be fired without a hearing, and after over thirty-five years of public-sector service.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff, a female over forty (40) years old with a disability was employed by Defendant from March 2012 through June 21, 2017 as an assistant village manager.

15. Plaintiff was at all times qualified for her job, and consistently received "Above Satisfactory" annual evaluations.

16. Plaintiff had no reprimands or disciplinary actions in her over five (5) years of employment with the village.

17. Plaintiff was assessed by her peers and a elected village official that resulted in high ratings for her management and leadership skills.

18. Plaintiff has been publically recognized by the International City/County Manager's Association (ICMA) as a "Credential Manager" and for her thirty-five (35) years of local government services.

19. Plaintiff was acting village manager during the Village Manager's extended medical leaves.

20. Plaintiff complained frequently about the Village Manager and Village Clerk "stealing time," and misappropriation of Village funds.

21. Thereafter, Village Clerk, Inguanzo would constantly single out Plaintiff and exclude her from notifications of Village events, and tell Plaintiff's supervisor that Plaintiff needed to be terminated.

22. Plaintiff has never received recognition for her work. However, other similarly situated younger male(s) without a disability were often recognized and awarded for their work.

23.    Plaintiff made several complaints regarding Village Clerk, Inguanzo's misappropriation of funds and stealing of time.

24.    Subsequently, Village Clerk Inguanzo, surreptitiously placed spyware on Plaintiff's computer, in an effort to eviscerate Plaintiff's ability to complain about employee theft of Village funds and time.

25.    On or about June 5, 2017, Plaintiff was verbally told by her supervisor to pack her personal items, that she was going to be placed on administrative leave until the end of the year and if she refused, that the plaintiff would be terminated

26.    On June 27, 2017, Plaintiff was terminated.

27.    Upon information and belief, Defendant's reason for termination (if any) is pretextual.

## COUNT I
### *VIOLATION OF §112.3187, FLORIDA STATUTES AGAINST PUBLIC HEALTH TRUST*

28.    Plaintiff realleges the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29.    Section 112.3187(2), Florida Statutes states in relevant part:

> "(2)    LEGISLATIVE INTENT -- It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare."

> (4)    ACTIONS PROHIBITED --

> (a)    An agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section.

> (b)    An agency or independent contractor shall not take any adverse action that affects the rights or interests of a person in retaliation for the person's disclosure of information under this section.

30. The term "agency" under §112.3187, Florida Statutes includes Defendant state agency.

31. During her employment tenure with Defendant, Plaintiff reported acts of gross mismanagement, malfeasance, and misfeasance committed by Defendant that were violations of the public health, safety, and welfare.

32. As a direct and proximate result of Plaintiff's reporting, Defendant terminated Plaintiff's employment.

33. As a result of Defendant's conduct, and its willful and malicious discharge of Plaintiff's employment for objecting to violations of law, rule and regulation, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, compensation for her lost benefits, as well as compensatory damages.

34. Plaintiff also demands her attorney's fees and costs as provided by law.

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant and award her economic damages in the form of back pay and front pay, compensatory and punitive damages, attorney's fees and costs as a result of Defendant's retaliatory conduct in violation of §112.3187, Florida Statutes, as well as any and all other relief permitted by law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 23, 2017.

/s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No. 118315
nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 70707315 E-Filed 04/13/2018 04:04:42 PM

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

          Plaintiff,

v.

VILLAGE OF PINECREST,

          Defendant.

Case No. 2017-029598-CA-01

## NOTICE OF APPEARANCE

NOTICE IS HEREBY GIVEN that Brian Koji and the law firm of Allen Norton & Blue,

P.A., hereby enter their appearance as counsel of record for VILLAGE OF PINECREST, in the

above-referenced matter.  All future pleadings and correspondence to Defendant in this litigation

should be served upon the undersigned counsel at the Tampa office address shown below.

Dated this 13th day of April 2018.

Respectfully submitted,

*s/ Brian Koji*
BRIAN KOJI
Florida Bar No. 0116297
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
Primary:    bkoji@anblaw.com
Secondary:  tcarnevalini@anblaw.com
                amcclanahan@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

s/ *Brian Koji*
ATTORNEY

2
ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Filing # 70707315 E-Filed 04/13/2018 04:04:42 PM

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

Plaintiff,

v.                                                    Case No. 2017-029598-CA-01

VILLAGE OF PINECREST,

Defendant.

## NOTICE OF E-MAIL DESIGNATIONS

Counsel for Defendant, VILLAGE OF PINECREST, pursuant to Florida Rules of Civil

Procedure 1.080 and Rule 2.516(b)(1)(A), Florida Rules of Judicial Administration, hereby files

this Notice of Designation of E-Mail Addresses for Service of Court Documents, and designates

the following e-mail addresses to be used for service of court papers in this action:

| **Primary Email Addresses:** | **Secondary Email Addresses:** |
|---|---|
| bkoji@anblaw.com | tcarnevalini@anblaw.com |
| | amcclanahan@anblaw.com |

Dated this 13th day of April 2018.                    Respectfully submitted,

*s/ Brian Koji*
BRIAN KOJI
Florida Bar No. 0116297
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
Primary:     bkoji@anblaw.com
Secondary:  tcarnevalini@anblaw.com
                   amcclanahan@anblaw.com

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

*s/ Brian Koji*
ATTORNEY

2
ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Filing # 70851048 E-Filed 04/17/2018 04:59:26 PM

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

Plaintiff,

v.                                                              Case No. 2017-029598-CA-01

VILLAGE OF PINECREST,

Defendant.

## **ANSWER AND AFFIRMATIVE DEFENSES**

The Defendant, the Village of Pinecrest, hereby submits its Answer and Affirmative Defenses in response to the Plaintiff's Complaint. With respect to each separately numbered paragraph of the Complaint, the Village responds as follows:

1.      It is admitted that the Plaintiff's Complaint seeks in excess of $15,000 for an alleged violation of the Florida Public-Sector Whistleblower Act. It is denied that the Plaintiff's allegations have any merit whatsoever or that she is entitled to any relief.

2.      It is admitted that the Plaintiff's Complaint asserts that she was discharged allegedly in violation of the Florida Public-Sector Whistleblower Act. It is denied that the Plaintiff's allegations have any merit whatsoever or that she is entitled to any relief.

3.      Without knowledge and therefore denied.

4.      It is admitted that venue is proper in Miami-Dade County. The remaining allegations of this paragraph are denied.

5.      It is admitted that the Plaintiff filed a charge with the EEOC in June 2017. The remaining allegations of this paragraph are denied.

6.      Denied.

SPDN-868764429-2221422

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

7.      Denied.

8.      Denied.

9.      Denied.

10.     It is admitted that the Defendant provided the Plaintiff a letter, dated June 27, 2017, notifying her of her discharge from employment, effective June 21, 2017. The remaining allegations of this paragraph are denied.

11.     Without knowledge and therefore denied.

12.     Without knowledge and therefore denied.

13.     Without knowledge and therefore denied.

14.     It is admitted that the Plaintiff is female and over the age of 40. It is further admitted that the Plaintiff was employed by the Defendant as its Assistant Village Manager from March 2012 through June 21, 2017. The remaining allegations of this paragraph are denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Without knowledge and therefore denied.

19.     It is admitted that, as Assistant Village Manager, the Plaintiff served as the acting Village Manager at times when the Village Manager was on leave. The remaining allegations of this paragraph are denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

24.     Denied.

25.     Denied.

26.     It is admitted that the Defendant provided the Plaintiff a letter dated, June 27, 2017, notifying her of her discharge from employment effective June 21, 2017. The remaining allegations of this paragraph are denied.

27.     Denied.

## COUNT I

28.     The Defendant reasserts its responses to paragraphs 1-27 above.

29.     It is admitted that the Plaintiff quotes from portions of Section 112.3187. The remaining allegations of this paragraph are denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

The Defendant denies that the Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      The Plaintiff's discharge, and all other personnel actions taken with respect to the Plaintiff's employment, was predicated on grounds other than, and would have been taken even in the absence of, any alleged exercise of rights protected by section 112.3187 of the Florida Statutes.

2.      All actions taken by the Village with respect to Plaintiff's employment were in good faith compliance with all applicable laws, including section 112.3187 of the Florida Statutes.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

3.      The Plaintiff's whistleblower claim fails as a matter of law as the Plaintiff has not made any disclosures of the kind protected pursuant to section 112.3187 of the Florida Statutes or in the manner required by section 112.3187. The Plaintiff did not submit a written complaint to the Village's chief executive officer or an appropriate local official, nor does the information allegedly disclosed by the Plaintiff constitute protected disclosures as defined by the statute. The allegedly protected information was not disclosed in a written and signed complaint on the Plaintiff's own initiative. § 112.3187(5), (6), (7), Fla. Stat. (2017).

4.      Any allegedly-protected disclosures made by the Plaintiff were made with malice, in bad faith, and based on knowingly false assertions. Accordingly, any such disclosures were not protected by Section 112.3187.

5.      The Plaintiff's claims, in whole or in part, are barred by the statute of limitations set forth in section 112.3187(8) of the Florida Statutes.

6.      Any relief sought by the Plaintiff in this case is subject to the limitations imposed by applicable law. Additionally, compensatory damages for emotional anguish, pain and suffering, and loss of dignity are not available remedies under section 112.3187 of the Florida Statutes. Likewise, punitive damages are unavailable under section 112.3187 of the Florida Statutes and under applicable law. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

7.      To the extent that the Plaintiff has not mitigated the damages she claims to have suffered, any damages otherwise available to her are properly reduced or precluded altogether.

8.      Any recovery available to the Plaintiff is properly reduced by the amount of her interim earnings.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

## NOTICE OF INTENT TO SEEK ATTORNEY'S FEES & COSTS

In accordance with any applicable Florida law, the Village hereby notifies the Plaintiff that it intends to seek an award of attorney's fees and costs for having to defend this matter.

Respectfully submitted,

s/ **Brian Koji**

BRIAN KOJI
Florida Bar No. 0116297
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
Primary:     bkoji@anblaw.com
Secondary:  tcarnevalini@anblaw.com
                  amcclanahan@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

s/ **Brian Koji**
ATTORNEY

5

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Filing # 72033835 E-Filed 05/11/2018 02:52:30 PM

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

          Plaintiff,

v.

          Case No.: 2017-029598-CA-01

VILLAGE OF PINECREST,

          Defendant.

## NOTICE OF TAKING DEPOSITION
### *DUCES TECUM* OF PLAINTIFF

PLEASE TAKE NOTICE that Defendant, VILLAGE OF PINECREST by and through its undersigned counsel, will take the deposition *duces tecum*, by oral examination, of the person named below at the date, time and location indicated:

| WITNESS | DATE AND TIME | LOCATION |
|---|---|---|
| MARIA MENENDEZ | June 25,2018<br>10:00 A.M. | Esquire Deposition Solutions<br>44 West Flagler Street<br>14th Floor<br>Miami, Florida 33130<br>Phone: (305)371-2713 |

The deposition will be taken before an associate or deputy court reporter and Notary Public who is not of counsel to the parties or interested in the events of the cause and duly authorized by law to take depositions. This deposition *duces tecum* is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable and governing rules without limitation and shall continue from day to day until completed.

Pursuant to Rule 1.310(b)(1) of the Florida Rules of Civil Procedure, the deponent shall bring with her to the deposition, a copy of the following:   **SEE ATTACHMENT A**   .

If you fail to comply, you may be in contempt of court.

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

Dated this 11th day of May, 2018.

Respectfully submitted,

*/s/ Brian Koji*
BRIAN KOJI
Florida Bar No. 0116297
*Counsel for Defendant*
**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210
(813) 253-2006 – Fax
E-mail: bkoji@anblaw.com
        amcclanahan@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

*/s/ Brian Koji*
ATTORNEY

# ATTACHMENT A

## Instructions and Definitions

1.    If any documentation is claimed to be immune from discovery on the grounds of privilege, please provide a privilege log indicating the author, recipient, date and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of producing the documentation.

2.    In responding to this request, provide such documentation as is available to you, not merely such documentation as is within your own immediate possession. This means you are to furnish documentation which is known by or in the possession of your employees, representatives or agents, including your attorney(s).

3.    If any of the documentation cannot be produced in full, then produce to the extent possible and specify reasons for the inability to produce the remainder.

4.    The terms "documentation" or "documents" shall include, but is not limited to, letters, correspondence, **text messages**, **emails**, **social media posts**, **online comments, online content**, saved google chats, Ichats, facsimiles, printouts, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, accounting records of any kind, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs, screen shots, posted/shared pictures on any social media accounts, sound recordings, digital recordings, phonograph records, video tapes, and data compilations.

## Documents Requested

1. Any documentation you sent to or received from the EEOC at any time from January 2017 to the present;

2. Any documentation reflecting any whistleblower complaints submitted, or protected activity engaged in, by you during your employment with the Village of Pinecrest;

3. Any documentation reflecting any complaints or grievances submitted to Pinecrest by you at any time;

4. All text messages, social media posts, and emails, which reference Pinecrest, Pinecrest's employees, or any matters relating to Pinecrest, and which were sent or received during the period from May 30, 2017 to July 1, 2017;

5. Any documentation relating to your evaluations while employed by Pinecrest, including any documentation pertaining to any objections to evaluations and any requests or communications to revise evaluations;

6. Any documentation you sent to or received from the City of Coral Gables or any of its employees, officials, or representatives from January 2017 to the present and which, in any way, relate to your employment with Pinecrest, any employees of officials of Pinecrest, your alleged whistleblower activities, your prior employment with Coral Gables, potential prospective employment with Coral Gables, or potential prospective employment with any other employer;

7. Any documentation evidencing any efforts made by you to obtain employment with any prospective employer from January 2016 through the present;

8. Any documentation relating to any employment you have held since being discharged by Pinecrest;

9. Any documentation relating to any income, pay, benefits, or other remuneration received by you from the date of your discharge from Pinecrest through the present;

10. Any documentation relating to or establishing the existence of any disability you had at any time during your employment with Pinecrest;

11. Any documentation reflecting any request for accommodation of your disability that the Plaintiff made to Pinecrest at any time during her employment;

12. Any documentation reflecting any alleged harassment, discrimination, or retaliation allegedly directed toward you by any employee or official of Pinecrest;

13. Any documentation pertaining to any medical attention you sought as a result of any alleged discrimination, harassment, or retaliation;

14. Any documentation reflecting any damages you are seeking in this case;

15. Any documentation reflecting any efforts by you to obtain reemployment assistance benefits after her separation from Pinecrest;

16. Any documentation reflecting any inquiries, from January 2017 to the present, concerning your retirement or pension.

Filing # 72047442 E-Filed 05/11/2018 04:39:27 PM

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

        Plaintiff,

v.                                Case No.: 2017-029598-CA-01

VILLAGE OF PINECREST,

        Defendant.

### AMENDED NOTICE OF TAKING DEPOSITION
### *DUCES TECUM* OF PLAINTIFF
### (As To Location Only)

PLEASE TAKE NOTICE that Defendant, VILLAGE OF PINECREST by and through its undersigned counsel, will take the deposition *duces tecum*, by oral examination, of the person named below at the date, time and location indicated:

| WITNESS | DATE AND TIME | LOCATION |
|---|---|---|
| MARIA MENENDEZ | June 25,2018<br>10:00 A.M. | Weiss Serota Helfman Cole<br>& Bierman Firm<br>2525 Ponce de Leon Blvd.<br>Suite 700<br>Coral Gables, FL 33134<br>Phone: (305) 854-0800 |

The deposition will be taken before an associate or deputy court reporter and Notary Public who is not of counsel to the parties or interested in the events of the cause and duly authorized by law to take depositions. This deposition *duces tecum* is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable and governing rules without limitation and shall continue from day to day until completed.

Pursuant to Rule 1.310(b)(1) of the Florida Rules of Civil Procedure, the deponent shall bring with her to the deposition, a copy of the following:   **SEE ATTACHMENT A**   .

If you fail to comply, you may be in contempt of court.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Dated this 11th day of May, 2018.

Respectfully submitted,

*/s/ Brian Koji*

BRIAN KOJI
Florida Bar No. 0116297
*Counsel for Defendant*
**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210
(813) 253-2006 – Fax
E-mail: bkoji@anblaw.com
          amcclanahan@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

*/s/ Brian Koji*

ATTORNEY

SPDN-868764429-2228300

# ATTACHMENT A

## Instructions and Definitions

1.      If any documentation is claimed to be immune from discovery on the grounds of privilege, please provide a privilege log indicating the author, recipient, date and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of producing the documentation.

2.      In responding to this request, provide such documentation as is available to you, not merely such documentation as is within your own immediate possession. This means you are to furnish documentation which is known by or in the possession of your employees, representatives or agents, including your attorney(s).

3.      If any of the documentation cannot be produced in full, then produce to the extent possible and specify reasons for the inability to produce the remainder.

4.      The terms "documentation" or "documents" shall include, but is not limited to, letters, correspondence, **text messages**,  **emails**, **social media posts**, **online comments, online content**, saved google chats, Ichats, facsimiles, printouts, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, accounting records of any kind, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs, screen shots, posted/shared pictures on any social media accounts, sound recordings, digital recordings, phonograph records, video tapes, and data compilations.

## Documents Requested

1. Any documentation you sent to or received from the EEOC at any time from January 2017 to the present;

2. Any documentation reflecting any whistleblower complaints submitted, or protected activity engaged in, by you during your employment with the Village of Pinecrest;

3. Any documentation reflecting any complaints or grievances submitted to Pinecrest by you at any time;

4. All text messages, social media posts, and emails, which reference Pinecrest, Pinecrest's employees, or any matters relating to Pinecrest, and which were sent or received during the period from May 30, 2017 to July 1, 2017;

5. Any documentation relating to your evaluations while employed by Pinecrest, including any documentation pertaining to any objections to evaluations and any requests or communications to revise evaluations;

6. Any documentation you sent to or received from the City of Coral Gables or any of its employees, officials, or representatives from January 2017 to the present and which, in any way, relate to your employment with Pinecrest, any employees of officials of Pinecrest, your alleged whistleblower activities, your prior employment with Coral Gables, potential prospective employment with Coral Gables, or potential prospective employment with any other employer;

7. Any documentation evidencing any efforts made by you to obtain employment with any prospective employer from January 2016 through the present;

8. Any documentation relating to any employment you have held since being discharged by Pinecrest;

9. Any documentation relating to any income, pay, benefits, or other remuneration received by you from the date of your discharge from Pinecrest through the present;

10. Any documentation relating to or establishing the existence of any disability you had at any time during your employment with Pinecrest;

11. Any documentation reflecting any request for accommodation of your disability that the Plaintiff made to Pinecrest at any time during her employment;

12. Any documentation reflecting any alleged harassment, discrimination, or retaliation allegedly directed toward you by any employee or official of Pinecrest;

13. Any documentation pertaining to any medical attention you sought as a result of any alleged discrimination, harassment, or retaliation;

2

14. Any documentation reflecting any damages you are seeking in this case;

15. Any documentation reflecting any efforts by you to obtain reemployment assistance benefits after her separation from Pinecrest;

16. Any documentation reflecting any inquiries, from January 2017 to the present, concerning your retirement or pension.

Filing # 73205897 E-Filed 06/07/2018 08:30:23 AM

IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

Plaintiff,

v.                                                  Case No.: 2017-029598-CA-01

VILLAGE OF PINECREST,

Defendant.

### SECOND AMENDED NOTICE OF TAKING DEPOSITION
### *DUCES TECUM* OF PLAINTIFF
### (As to Date Only)

PLEASE TAKE NOTICE that Defendant, VILLAGE OF PINECREST by and through its

undersigned counsel, will take the deposition *duces tecum*, by oral examination, of the person named

below at the date, time and location indicated:

| WITNESS | DATE AND TIME | LOCATION |
|---------|---------------|----------|
| MARIA MENENDEZ | June 26,2018<br>10:00 A.M. | Weiss Serota Helfman Cole<br>& Bierman Firm<br>2525 Ponce de Leon Blvd.<br>Suite 700<br>Coral Gables, FL 33134<br>Phone: (305) 854-0800 |

The deposition will be taken before an associate or deputy court reporter and Notary Public

who is not of counsel to the parties or interested in the events of the cause and duly authorized by

law to take depositions. This deposition *duces tecum* is being taken for the purpose of discovery,

for use at trial, or for such other purposes as are permitted under the applicable and governing rules

without limitation and shall continue from day to day until completed.

Pursuant to Rule 1.310(b)(1) of the Florida Rules of Civil Procedure, the deponent shall

bring with her to the deposition, a copy of the following:   **SEE ATTACHMENT A**   .

If you fail to comply, you may be in contempt of court.

Dated this 7th day of June, 2018.

Respectfully submitted,

*s/ Brian Koji*
BRIAN KOJI
Florida Bar No. 0116297
*Counsel for Defendant*
**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210
(813) 253-2006 – Fax
E-mail: bkoji@anblaw.com
         amcclanahan@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

*s/ Brian Koji*
ATTORNEY

SPDN-868764429-2231235

Filing # 73433719 E-Filed 06/12/2018 01:13:21 PM

12IN THE CIRCUIT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MARIA ALBERRO MENENDEZ,

Plaintiff,

v.                                                    Case No.: 2017-029598-CA-01

VILLAGE OF PINECREST,

Defendant.

## SECOND AMENDED NOTICE OF TAKING DEPOSITION
### *DUCES TECUM* OF PLAINTIFF
**(As to Date Only)**

PLEASE TAKE NOTICE that Defendant, VILLAGE OF PINECREST by and through its

undersigned counsel, will take the deposition *duces tecum*, by oral examination, of the person named

below at the date, time and location indicated:

| **WITNESS** | **DATE AND TIME** | **LOCATION** |
|---|---|---|
| MARIA MENENDEZ | June 26,2018<br>10:00 A.M. | Weiss Serota Helfman Cole<br>& Bierman Firm<br>2525 Ponce de Leon Blvd.<br>Suite 700<br>Coral Gables, FL 33134<br>Phone: (305) 854-0800 |

The deposition will be taken before an associate or deputy court reporter and Notary Public

who is not of counsel to the parties or interested in the events of the cause and duly authorized by

law to take depositions. This deposition *duces tecum* is being taken for the purpose of discovery,

for use at trial, or for such other purposes as are permitted under the applicable and governing rules

without limitation and shall continue from day to day until completed.

Pursuant to Rule 1.310(b)(1) of the Florida Rules of Civil Procedure, the deponent shall

bring with her to the deposition, a copy of the following:   **SEE ATTACHMENT A** .

If you fail to comply, you may be in contempt of court.

SPDN-868764429-2231235

Dated this 12th day of June, 2018.   Respectfully submitted,

            *s/ Brian Koji*
            BRIAN KOJI
            Florida Bar No. 0116297
            *Counsel for Defendant*
            **ALLEN, NORTON & BLUE, P.A.**
            Hyde Park Plaza - Suite 225
            324 South Hyde Park Avenue
            Tampa, Florida 33606-4127
            (813) 251-1210
            (813) 253-2006 – Fax
            E-mail: bkoji@anblaw.com
               amcclanahan@anblaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June 2018, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esquire and Nathaly Lewis, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler, Street, Suite 2200, Miami, Florida 33130 *[Primary: pmh@rgpattorneys.com and nl@rgpattorneys.com].*

            *s/ Brian Koji*
            ATTORNEY

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-2231235

# ATTACHMENT A

## Instructions and Definitions

1.      If any documentation is claimed to be immune from discovery on the grounds of privilege, please provide a privilege log indicating the author, recipient, date and general subject matter of the document, together with the basis on which the privilege is asserted, in lieu of producing the documentation.

2.      In responding to this request, provide such documentation as is available to you, not merely such documentation as is within your own immediate possession. This means you are to furnish documentation which is known by or in the possession of your employees, representatives or agents, including your attorney(s).

3.      If any of the documentation cannot be produced in full, then produce to the extent possible and specify reasons for the inability to produce the remainder.

4.      The terms "documentation" or "documents" shall include, but is not limited to, letters, correspondence, **text messages,  emails, social media posts, online comments, online content**, saved google chats, Ichats, facsimiles, printouts, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, accounting records of any kind, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs, screen shots, posted/shared pictures on any social media accounts, sound recordings, digital recordings, phonograph records, video tapes, and data compilations.

# Documents Requested

1. Any documentation you sent to or received from the EEOC at any time from January 2017 to the present;

2. Any documentation reflecting any whistleblower complaints submitted, or protected activity engaged in, by you during your employment with the Village of Pinecrest;

3. Any documentation reflecting any complaints or grievances submitted to Pinecrest by you at any time;

4. All text messages, social media posts, and emails, which reference Pinecrest, Pinecrest's employees, or any matters relating to Pinecrest, and which were sent or received during the period from May 30, 2017 to July 1, 2017;

5. Any documentation relating to your evaluations while employed by Pinecrest, including any documentation pertaining to any objections to evaluations and any requests or communications to revise evaluations;

6. Any documentation you sent to or received from the City of Coral Gables or any of its employees, officials, or representatives from January 2017 to the present and which, in any way, relate to your employment with Pinecrest, any employees of officials of Pinecrest, your alleged whistleblower activities, your prior employment with Coral Gables, potential prospective employment with Coral Gables, or potential prospective employment with any other employer;

7. Any documentation evidencing any efforts made by you to obtain employment with any prospective employer from January 2016 through the present;

8. Any documentation relating to any employment you have held since being discharged by Pinecrest;

9. Any documentation relating to any income, pay, benefits, or other remuneration received by you from the date of your discharge from Pinecrest through the present;

10. Any documentation relating to or establishing the existence of any disability you had at any time during your employment with Pinecrest;

11. Any documentation reflecting any request for accommodation of your disability that the Plaintiff made to Pinecrest at any time during her employment;

12. Any documentation reflecting any alleged harassment, discrimination, or retaliation allegedly directed toward you by any employee or official of Pinecrest;

13. Any documentation pertaining to any medical attention you sought as a result of any alleged discrimination, harassment, or retaliation;

14. Any documentation reflecting any damages you are seeking in this case;

15. Any documentation reflecting any efforts by you to obtain reemployment assistance benefits after her separation from Pinecrest;

16. Any documentation reflecting any inquiries, from January 2017 to the present, concerning your retirement or pension.

3

Filing # 73634528 E-Filed 06/15/2018 01:26:05 PM

IN THE CIRCUIT COURT OF THE11[th]
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MARIA ALBERRO MENENDEZ,

Plaintiff,                                            CASE NO. 2017-029598-CA-01

v.

VILLAGE OF PINECREST

Defendant,

_____/


### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, MARIA ALBERRO MENENDEZ ("Plaintiff"), hereby moves the Court for leave to amend her

Complaint against Defendant VILLAGE OF PINECREST ("Defendant").   In support thereof, Plaintiff

additionally states as follows:

1.  On or about December 23, 2017, Plaintiff filed her complaint in this action for damages due

    Defendant's violations of the Florida Public Sector Whistleblower Act Fla. Stat.

    Sec112.3187.

2.  Florida Rules of Civil Procedure 1.190 (e) provides: "[a]t any time in furtherance of justice, upon

    such terms as may be just the court may permit any . . . pleading . . . to be amended or material

    supplemental matter to be set forth in an amended or supplemental pleading." *see also* Fla. R. Civ.

    P. 1.250(c)(if amendment of pleading is permitted, parties may be added in an amended pleading

    without further order of the court).

3.  Public policy favors the liberal amendment of pleadings so that cases can be tried on their merits

    and all doubts should be resolved in favor of allowing amendment. *State Farm Fire & Cas. Co. v.*

    *Fleet Fin. Corp.*, 724 So. 2d 1218, 1219 (Fla. 5th DCA 1998);   *Sun Valley Homeowners Inc., v.*

    *American Land Lease Inc.*, 927 So. 2d 259 (Fla. 2nd DCA 2006).

1

4.  It is well established under Florida law that a party should be given leave to amend a pleading unless said party has abused the amendment privilege; allowing the amendment would prejudice the other party; or the amendment would be futile. *See Morgan Co. Inc. v. Orange County*, 818 So. 2d 640 (Fla. 5th DCA 2002); Greene v. Well Care HMO, Inc., 778 So. 2d 1037 (Fla. 4th DCA 2001) *see also Villa Riviera Club, Inc. v. Dilesh Enters., Inc.,* 743 So. 2d 115, 117 (Fla. 5th DCA 1999)(determining factor in granting or refusing motion for leave to amend is prejudice); *Dingess v. Florida Aircraft Sales & Leasing, Inc.,* 442 So. 2d 431, 432 (Fla 5th DCA 1983)(leave to amend should not be denied unless privilege has been abused or complaint is clearly not amendable).

5.  This is Plaintiff's first request to amend her complaint and will not prejudice the Defendants. The amendment is necessary as Plaintiff seeks to include a counts to redress injuries resulting from Defendant's unlawful, disability, age, and sex-based discriminatory treatment towards Plaintiff pursuant to the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII"); the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"); and for redress of Plaintiff's depravation of rights in violation 42 U.S.C. §1983, Civil Action for Depravation of Rights.

6.  Plaintiff's proposed Amended Complaint is attached to this Motion as Exhibit A and undersigned counsel requests that the Court enters an order deeming the Amended Complaint as filed on the date of the Court's order granting this motion, pursuant to Florida Rule of Civil Procedure 1.190(a),

7.  In the case at bar, Plaintiff's Motion for Leave to Amend her complaint should be granted because there is no "substantial reason" to deny it.

8.  This motion is made in good faith and not for the purpose of delay.

2

**WHEREFORE**, Plaintiff requests this Honorable Court grant this Motion for Leave to Amend the Complaint and deem Plaintiff's attached Amended Complaint as Exhibit A, filed as of the date granting this motion.

Dated: June 15, 2018

Respectfully Submitted,

*/s/Nathaly Lewis*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar No. 118315
nl@rgpattorneys.com
*Remer & Georges-Pierre, PLLC*
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2018, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices in compliance with Florida Rule of Judicial Administration 2.516.

*/s/ Nathaly Lewis*
NATHALY LEWIS, ESQ.

4

## SERVICE LIST

Peter Michael Hoogerwoerd, Esq.
Florida Bar No.: 188239
Email: pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.:118315
Email: nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorneys for Plaintiff*


BRIAN KOJI
Florida Bar No. 0116297
**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210
(813) 253-2006 – Fax
E-mail:  bkoji@anblaw.com
amcclanahan@anblaw.com

*Counsel for Defendant*

***Served Via E-Service***

5

# EXHIBIT A

IN THE CIRCUIT COURT OF THE11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MARIA ALBERRO MENENDEZ,

Plaintiff,                                          CASE NO. 2017-029598-CA-01

v.

VILLAGE OF PINECREST

Defendant,

_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, MARIA ALBERRO MENENDEZ, (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, VILLAGE OF PINECREST (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for damages due Defendant's violations of the Florida Public Sector Whistleblower Act Fla. Stat. Sec112.3187, for damages due to disability discrimination, age, and sex discrimination, in the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII"); the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*; and  the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"); and for redress of Plaintiff's depravation of rights in violation 42 U.S.C. §1983, Civil Action for Depravation of Rights.

2.    Plaintiff alleges a cause of action for retaliation under Florida Statutes §112.3187,

Florida Statutes as a result of her dismissal for objecting to violations of law, rule and regulation committed, ratified and/or condoned by Defendant.

3. At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

4. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County.

5. On June 2, 2017, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations, and which articulated Plaintiff's whistleblower complaint of certain Village employees, including the Village Clerk's, theft of wages, time, and abuse of illegal spending of public funds.

6. On June 4, 2017, Plaintiff filed a memo requesting preservation of Defendant's network traffic and data for routers, switches, etc. due to unauthorized access to Plaintiff's personal information.

7. On June 4, 2017, Plaintiff filed a "Whistle-Blower" complaint to the Defendant outlining illegal activity/ fraud.

8. On June 5, 2017, Defendant placed Plaintiff on administrative leave after meeting with the Village Manager and an Administrative Assistant Alngela Gasca. Plaintiff again requested a hearing regarding her separation of employment.

9. On or about June 5, 2017, Plaintiff filed an Amended Charge of Discrimination.

10. Plaintiff received a termination letter, dated June 27, 2017. Plaintiff was not afforded a hearing in compliance with the Village Ordinances and/or the Florida Commission on Human Relations procedures for investigation of public whistleblower complaints.

11.     On or about March 30, 2018, the Equal Employment Opportunity Commission ("EEOC") issued the Dismissal and Notice of Rights (the "right to sue").

12.     The original Complaint was filed within 180 days of Defendant's Letter of Termination, dated June 27, 2017, which caused plaintiff to be fired without a hearing, and after over thirty-five years of public-sector service and this Amended Complaint is filed within the 90 days as prescribed the right to sue.

13.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     Plaintiff, a female over forty (40) years old with a disability was employed by Defendant from March 2012 through June 21, 2017 as an assistant village manager.

15.     Plaintiff was at all times qualified for her job, and consistently received "Above Satisfactory" annual evaluations.

16.     Plaintiff had no reprimands or disciplinary actions in her over five (5) years of employment with the village.

17.     Plaintiff was assessed by her peers and an elected village official that resulted in high ratings for her management and leadership skills.

18.     Plaintiff has been publically recognized by the International City/County Manager's Association (ICMA) as a "Credential Manager" and for her thirty-five (35) years of local government services.

19.     Plaintiff was acting village manager during the Village Manager's extended medical leaves.

20.     On or about June 2012, Plaintiff was diagnosed with cancer. Plaintiff's condition along with the fact that she is a woman over forty (40) has affected her levels of estrogen causing weight gain.

21.     Plaintiff complained frequently about the Village Manager and Village Clerk "stealing time," and misappropriation of Village funds.

22.     Thereafter, Village Clerk, Inguanzo would constantly single out Plaintiff and exclude her from notifications of Village events, and tell Plaintiff's supervisor that Plaintiff needed to be terminated.

23.     In addition, throughout her employment, Plaintiff was subjected to ridicule and disparate treatment by the village clerk Guido Inguanzo (hereinafter "Inguanzo") and Yoceline Galiano (hereinafter "Galiano").

24.     Specifically, Inguanzo ridiculed Plaintiff in front of other co-workers because of her weight and constantly harassed Plaintiff regarding her work schedule even though Plaintiff always completed her projects in a timely manner.

25.     Plaintiff has never received recognition for her work. However, other similarly situated younger male(s) without a disability were often recognized and awarded for their work.

26.     Plaintiff made several complaints regarding Village Clerk, Inguanzo's misappropriation of funds and stealing of time.

27.     Subsequently, Village Clerk Inguanzo, surreptitiously placed spyware on Plaintiff's computer, in an effort to eviscerate Plaintiff's ability to complain about employee theft of Village funds and time.

28.     On or about June 5, 2017, Plaintiff was verbally told by her supervisor to pack her

personal items, that she was going to be placed on administrative leave until the end of

the year and if she refused, that the plaintiff would be terminated.

29.     On June 27, 2017, Plaintiff was terminated.

30.     Upon information and belief, Defendant's reason for termination (if any) is pretextual.

## COUNT I
### *Violation of §112.3187, Florida Statutes*

31.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 30 above as if

fully set forth herein.

32.     Section 112.3187(2), Florida Statutes states in relevant part:

>       "(2)     LEGISLATIVE INTENT -- It is the intent of the Legislature to
>       prevent agencies or independent contractors from taking retaliatory
>       action against an employee who reports to an appropriate agency
>       violations of law on the part of a public employer or independent
>       contractor that create a substantial and specific danger to the public's
>       health, safety, or welfare."

>       (4)     ACTIONS PROHIBITED –

>       (a)     An agency or independent contractor shall not dismiss,
>       discipline, or take any other adverse personnel action against an
>       employee for disclosing information pursuant to the provisions of this
>       section.

>       (b)     An agency or independent contractor shall not take any
>       adverse action that affects the rights or interests of a person in
>       retaliation for the person's disclosure of information under this
>       section.

33.     The term "agency" under §112.3187, Florida Statutes includes Defendant

state agency.

34.     During her employment tenure with Defendant, Plaintiff reported acts of gross

mismanagement, malfeasance, and misfeasance committed by Defendant that were

violations of the public health, safety, and welfare.

35.    As a direct and proximate result of Plaintiff's reporting, Defendant terminated Plaintiff's employment.

36.    As a result of Defendant's conduct, and its willful and malicious discharge of Plaintiff's employment for objecting to violations of law, rule and regulation, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, compensation for her lost benefits, as well as compensatory damages.

37.    Plaintiff also demands her attorney's fees and costs as provided by law.

   **WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and award her economic damages in the form of back pay and front pay, compensatory and punitive damages, attorney's fees and costs as a result of Defendant's retaliatory conduct in violation of §112.3187, Florida Statutes, as well as any and all other relief permitted by law.

## COUNT II
### *Disability Discrimination in Violation of the ADA AND ADAAA*

38.    Plaintiff incorporates herein the allegations contained in paragraphs 1–30, inclusive, as though same were fully re-written, and says:

39.    Plaintiff is a member of a protected class under the ADA and ADAAA, to wit Plaintiff is a Cancer patient who has gained weight due to affected levels of estrogen. Moreover, Plaintiff was perceived as disabled due to her weight gain.

40.     Plaintiff was at all times qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff was a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

41.     The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

42.     The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's perceived disability, which substantially limited her in one or more major life activity; and/or Plaintiff's record of having such disability.

43.     Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

44.     Defendant's stated reason for terminating is not based on any known facts in this case.

45.     Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's perceived disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

46.     Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of her perceived disability by terminating her because of her condition under the circumstances described above.

47.     Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

48.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Peter Cruz, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

49.    Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE**, Plaintiff requests that this court enter judgment against Defendant for:

A.    Actual damages as a result of Defendant's discriminatory actions;

B.    Punitive damages due to Defendant's willful behavior;

C.    Compensatory damages;

D.    Injunctive relief where feasible;

E.    Attorney's fees;

F.    Costs of this action; and

G.    Any other relief this Court deems proper

## COUNT III
### Disability Discrimination in Violation of the FCRA

50.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

51.    Plaintiff is a member of a protected class under the FCRA, to wit, Plaintiff is a Cancer patient who has gained weight due to affected levels of estrogen.

52.    By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability -based animosity.

53.    Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Cancer patient who has gained weight due to affected levels of estrogen.

54.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

55.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

56.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

57.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

60.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Age Discrimination in Violation of the ADEA*

57. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

58. Plaintiff is a member of a protected class under the ADEA, to wit Plaintiff is over forty (40) years of age.

59. By the conduct described above, Defendant has engaged in discrimination against

Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

60. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### *Age Discrimination in Violation of the FCRA*

68.     Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

69.   Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff if over forty (40) years of age.

70.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

71.   Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

72.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

73.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

74.   Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

75.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

76.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

77.     The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

78.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Sex Discrimination in Violation of the Title VII*

61.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

62.     Plaintiff is a member of a protected class under Title VII, to with Plaintiff is a female.

63.     By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

64.     Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

65.     Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

66.     At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67.     Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68.     As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69.     The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights

under federal law.

70.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

71.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT VII
### *Sex Discrimination in Violation of the FCRA*

72. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

73. Plaintiff is a member of a protected class under the FCRA, to wit Plaintiff is a female.

74. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

75. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

76. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

77. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

78. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

79. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

80. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

81.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

82.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VIII
### Violation Under 42 U.S.C. §1983 of the Due Process Clause of the 14th Amendment

83.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

84.    Under 42 U.S.C. §1983, "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected any citizen of the United States…to the depravation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

85.    Defendant, THE VILLAGE OF PINECREST, by virtue of being a municipality and/or local government is a considered a person under the 42 U.S.C. §1983.

86.    Defendant, has exercised power by virtue of state law because it is clothed with the authority of state law, to wit: Defendant terminated Plaintiff and deprived Plaintiff of her property right for continued employment.

87.    As a result of Defendant's action who implemented and/or executed a policy statement, ordinance, regulation, or decision, Plaintiff was deprived of her rights.

88.    Defendant's decision in terminating Plaintiff's employment was the moving force behind Plaintiff's depravation of rights.

89.    Defendant deprived Plaintiff of her rights through the 14th Amendment's Due Process Clause which requires that a depravation of life, liberty, or property be preceded by notice and opportunity of a hearing.

90.    In the present case, Defendant terminated Plaintiff without notice and/or a hearing depriving Plaintiff of her property right of continued employment with Defendant.

91.     Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant depraving Plaintiff of her rights, unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Section 1983 and has depraved Plaintiff of her rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT IX**
*Retaliation in Violation of 42 U.S.C. § 1983*

92.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 of this complaint as if set out in full herein.

93.     Plaintiff is a member of a protected class under § 1983.

94.   By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under § 1983.

95.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel acted in reckless disregard of the law.

96.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, specifically her continued employment, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

97.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, was the moving force behind Plaintiff's depravation of rights, to wit her continued employment.

98.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

99.   So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: June 15, 2018                    Respectfully submitted,


*/s/ Nathaly Lewis*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No. 118315
nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 73635678 E-Filed 06/15/2018 01:37:03 PM

IN THE CIRCUIT COURT OF THE11[th]
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MARIA ALBERRO MENENDEZ,

Plaintiff,                                    CASE NO. 2017-029598-CA-01

v.

VILLAGE OF PINECREST

Defendant,

_____/

## NOTICE OF HEARING

**TO:**   BRIAN KOJI
        Florida Bar No. 0116297
        **ALLEN, NORTON & BLUE, P.A.**
        Hyde Park Plaza - Suite 225
        324 South Hyde Park Avenue
        Tampa, Florida 33606-4127
        (813) 251-1210
        (813) 253-2006 – Fax
        E-mail:  bkoji@anblaw.com
        amcclanahan@anblaw.com


        YOU ARE HEREBY NOTIFIED that the undersigned has called up for hearing the
following:

MATTER:   PLAINTIFF'S   MOTION   FOR   LEAVE   TO   FILE   AMENDED
          COMPLAINT
DATE:     Thursday, June 21, 2018
TIME:     8:00 A.M.
JUDGE:    Honorable Judge David C. Miller
PLACE:    Dade County Courthouse
          73 West Flagler Street, DCC 525,
          Miami, FL 33130

# THE CLERK WILL PLEASE PLACE SAME ON THE CALENDAR.

**ALL MEMORANDUMS IN SUPPORT OF OR IN OPPOSITION TO THE MATTER TO BE HEARD SHALL BE FILED AND A COPY PROVIDED TO THE COURT (JUDGE) SEVEN (7) BUSINESS DAYS BEFORE THE HEARING.**

Dated: June 15, 2018

Respectfully submitted,

**/s/Nathaly Lewis**
Nathaly Lewis, Esq.
Fla. Bar No. 118315

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2018 I electronically filed the foregoing document with Florida's E-Filing Service.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission generated by Florida's E-Filing Service or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BRIAN KOJI
Florida Bar No. 0116297
**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210
(813) 253-2006 – Fax
E-mail:  bkoji@anblaw.com
amcclanahan@anblaw.com

Respectfully submitted,

/s/Nathaly Lewis_____
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Email: pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar No. 118315
Email: nl@rgpatttorneys.com
**Remer & Georges-Pierre, PLLC.**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

Filing # 73804579 E-Filed 06/19/2018 05:15:27 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

MARIA ALBERRO MENENDEZ,

Plaintiff,

CASE NO. 2017-029598-CA-01

v.

VILLAGE OF PINECREST,

Defendant.
_____/

## NOTICE OF CANCELLATION OF HEARING

COMES NOW the Plaintiff, by and through her undersigned counsel, and hereby notifies that the Hearing on Plaintiff's Motion for Leave to File Amended Complaint, scheduled for Thursday, June 21, 2018 at 8:00 a.m. before the Honorable Judge David C. Miller is hereby cancelled.

Respectfully submitted this 19th day of June 2018.

REMER & GEORGES-PIERRE, PLLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: _____
Nathaly Lewis, Esq.
Florida Bar No.:118315

## CERTIFICATE OF SERVICE

    I hereby certify that on June 19, 2018 I electronically filed the foregoing document with Florida's E-Filing Service. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission generated by Florida's E-Filing Service or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____

Peter Michael Hoogerwoerd, Esq.
Florida Bar No.: 188239
Email: pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.:118315
Email: nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC.**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

BRIAN KOJI, ESQ.
Florida Bar No. 0116297
Emails: bkoji@anblaw.com
amcclanahan@anblaw.com
**ALLEN, NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210
(813) 253-2006 – Fax
*Counsel for Defendants*

IN THE CIRCUIT COURT OF THE11[th]
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

MARIA ALBERRO MENENDEZ,

Plaintiff,                                    CASE NO. 2017-029598-CA-01

v.

VILLAGE OF PINECREST

Defendant,
_____/

## AGREED ORDER ON PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT

THIS CAUSE having come before the Court on Plaintiff's Motion for Leave of Court to

File Amended Complaint and Defendant agreeing to same, and the Court being otherwise

fully advised, it is ORDERED AND ADJUDGED as follows:

The Motion is granted. The Amended Complaint is deemed filed as of the date of this

Order. Defendant shall have ten (10) days from the date of this Order to file a response to

Plaintiff's Amended Complaint.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on
06/18/18.

_____
DAVID C. MILLER
CIRCUIT COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit
email confirmation which includes all emails provided by the submitter.  The
movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail,
facsimile, email or hand-delivery, to all parties/counsel of record for whom
service is not indicated by the accompanying 11th Circuit confirmation, and file
proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.
Copies to:
Counsel of Record.